IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KRISTIN DAWN WHITE and STEVEN KENT PHELPS, JR., individually and as co-administrators of the Estate of STEVEN KENT PHELPS, the Deceased,

Plaintiffs,

v.

MYLAN, INC.; MYLAN PHARMACEUTICALS, INC.; MYLAN TECHNOLOGIES, INC.; MYLAN LABORATORIES LIMITED.; MILAN BERET PHARMACEUTICALS, INC.; VAL LABORATORIES; DULL LABORATORIES; ALLCARE PHARMACY FLOWERS & GIFTS, INC.; WALGREENS CO.; and CVS CAREMARK CORPORATION,

Defendants.

Case No. CIV-12-402-D

**O R D E R**

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 13], which raises both procedural and jurisdictional challenges to the removal of this action from state court. Plaintiffs challenge whether the Notice of Removal was timely filed and consented to by all defendants, and whether the allegations of fraudulent joinder of a nondiverse defendant are sufficient. The removing defendants have timely opposed the Motion, which is at issue. The question of fraudulent joinder is a jurisdictional issue, and will be addressed as a preliminary matter. *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004).

**Factual and Procedural Background**

This case concerns the death on December 6, 2009, of Steven Kent Phelps, allegedly due to a defective pharmaceutical product and drug toxicity resulting from a combination of prescription

medications. Like the decedent, Plaintiffs are citizens of Oklahoma. The removing defendants are: Mylan, Inc.; Mylan Pharmaceuticals, Inc.; Mylan Technologies, Inc.; Mylan Laboratories Limited; Mylan Bertek Pharmaceuticals, Inc.; and UDL Laboratories[1] (collectively, "Mylan"). These defendants were involved in the manufacture and distribution of the Mylan Fentanyl Transdermal System (a pain patch), which allegedly caused the death; all are corporate citizens of states other than Oklahoma. Plaintiffs' state court petition also names as defendants three pharmacies that allegedly provided prescription drugs to the decedent during 2009; one of them, Allcare Pharmacy Flowers & Gifts, Inc. ("Allcare") is a citizen of Oklahoma.

The case was filed in Pottawatomie County, Oklahoma, but was removed to federal court based on an assertion of diversity jurisdiction under 28 U.S.C. § 1332, despite the presence of an Oklahoma defendant. *See also* 28 U.S.C. § 1441(b)(2). The removing defendants contend the resident defendant, Allcare, should be disregarded because it was fraudulently joined to defeat federal jurisdiction. This contention is based on an allegation that Plaintiffs have no valid claim against Allcare because a pharmacy has no duty to warn consumers about prescription drugs and because Plaintiffs fail to allege that Allcare supplied the decedent with the product that allegedly caused his death. *See* Notice of Removal [Doc. No. 1], ¶¶ 22, 31.

As stated above, Plaintiffs' Motion challenges Mylan's allegations of fraudulent joinder, arguing that their claim against Allcare is factually and legally sound. Plaintiffs also contend that Mylan should have filed the Notice of Removal within 30 days after receiving a copy of Plaintiffs' petition, as required by 28 U.S.C. § 1446(b)(1), even though no service of process had been made.

[1] The last two defendants state they were incorrectly identified in the caption of Plaintiffs' pleading as "Milan Beret Pharmaceuticals, Inc." and "Dull Laboratories" or "VAL Laboratories."

In addition, Plaintiffs contend Mylan was required to obtain the joinder or consent of all defendants when filing the Notice of Removal.

**Standard of Decision**

As a general rule, joinder is fraudulent for jurisdictional purposes if the plaintiff fails to state a claim against the nondiverse defendant, and according to settled rules of the state in which the action is brought, the failure is obvious. *Town of Freedom v. Muskogee Bridge Co.*, 466 F. Supp. 75, 78 (W.D. Okla. 1978); *see Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir. 1964). The court of appeals has explained the analysis as follows:

> In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal. But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists. This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.

*Dodd*, 329 F.2d at 84-85 (citations omitted); *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

In this case, Mylan disputes that Plaintiffs' pleading states a cognizable claim against Allcare. In the context in which the dispute arises, the question is not simply whether the petition states a claim. The standard to be applied "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *See Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, *2 (10th Cir. April 14, 2000) (unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1). Thus, the question

presented by Plaintiff's Motion is whether the alleged defect in their pleading is so obvious as to render Plaintiffs' claims insubstantial and thus allow Allcare to be simply disregarded as a party.

**Discussion**

Plaintiffs assert in their pleading a claim of negligence against three pharmacies, including Allcare, which provided prescription medications to the decedent prior to his death. Plaintiffs allege that the pharmacies "had a duty to provide reasonable and adequate warnings of the mixture of drugs and toxicity poisoning" and that they "breached their standard of care by combining the prescription drugs for the patient." *See* Petition [Doc. No. 13-1], ¶¶ 23-24. Similarly, Plaintiffs focus in their Motion to Remand on this negligence claim, arguing that a pharmacist's duty of care includes informing a patient of the danger posed by a <u>combination</u> of prescription drugs when taken together. Plaintiffs also assert that a pharmacy which distributes a defective drug may be held strictly liable under a theory of manufacturer's product liability. *See* Pls.' Motion [Doc. No. 13] at 7.

In the Notice of Removal, Mylan contends that Plaintiffs "have no possibility of recovery against Allcare" because their claims "have no legal basis." *See* Notice of Removal [Doc. No. 1] at 9-10, ¶ 21. Characterizing Plaintiffs' claim against Allcare as "sound[ing] in failure-to-warn," Mylan asserts that Oklahoma law imposes on pharmacists no duty to warn patients of a prescription drug's risks because Oklahoma has adopted the learned intermediary doctrine, under which the prescribing physician has the duty to act in the best interest of the patient and a manufacturer or seller of prescription drugs must only provide adequate labeling, instructions, and warnings to apprize the physician of the proper use and dangers of the drug. Focusing on the imputed "failure to warn" theory, Mylan argues at length in the Notice of Removal why this theory has no applicability to a pharmacy such as Allcare. *See id.*, ¶¶ 22-27. Mylan repeats these arguments, almost verbatim, in its brief in opposition to Plaintiffs' Motion. Mylan goes further in its brief,

however, and addresses Plaintiffs' theory that a pharmacist has a duty to monitor a patient's combination of prescription drugs. As to this theory, Mylan contends that no such duty exists under Oklahoma law. *See* Mylan's Resp. Br. [Doc. No. 16] at 13-16. Plaintiffs have made no reply to this argument.

Upon consideration, the Court finds Mylan's position is sound. Plaintiffs have presented no legal authority that would support a tort claim against Allcare under Oklahoma law. The only authority cited by Plaintiffs, *Edwards v. Basel Pharmaceuticals*, 933 P.2d 298, 300 (Okla. 1997), does not support their position. The Oklahoma Supreme Court in *Edwards* reaffirmed the "learned intermediary doctrine" as a principle of state products liability law. The doctrine "shields manufacturers of prescription drugs from liability if the manufacturer adequately warns the prescribing physicians of the dangers of the drug." *Id*. (emphasis omitted). The underlying rationale for this rule is that "[w]here a product is available only on prescription or through the services of a physician, the physician acts as a 'learned intermediary' between the manufacturer *or seller* and the patient. It is his duty to inform himself of the qualities and characteristics of those products which he prescribes for . . . his patients, and to exercise independent judgment." *Id*. (emphasis added, internal quotation omitted). As a seller of prescription drugs, a dispensing pharmacy or pharmacist is protected by the doctrine.

The Oklahoma Supreme court in *Edwards* also recognized an exception that may operate to remove the shield of the learned intermediary doctrine "[w]hen direct warnings to the user of a prescription drug have been mandated by a safety regulation promulgated for the protection of the user." *Id*. at 301. In this situation, a "failure on the part of the manufacturer to warn the consumer can render the drug unreasonably dangerous," and state tort law determines the adequacy of the manufacturer's warnings. *Id*. at 301, 303. Plaintiffs do not allege in their pleading, nor do any other

filings in the case record reveal, that this situation is present here. In addition to the instant Motion, currently pending before the Court is Mylan's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) [Doc. No. 8], which asserts, in part, that federal statutes and regulations preempt Plaintiffs' state law claims. Upon examination of the parties' briefs regarding all pending motions, the Court finds no contention that the Federal Drug Administration, or any other regulatory body, has mandated a direct warning to the user of the prescription drug product at issue in this case. Accordingly, there is no basis in the record for Plaintiffs to rely on a limited exception to the learned intermediary doctrine.

Therefore, because the learned intermediary doctrine applies, there is no legal basis for Plaintiffs' tort claim against Allcare – under a theory of either strict liability or negligence – based on an alleged failure to warn Plaintiffs' decedent of the risks inherent in the prescription drug product at issue. Further, Plaintiffs' negligence theory based on a pharmacy's alleged duty to monitor the combination of prescription drugs dispensed to a single customer or patient is unsupported by any citation of authority, except *Edwards*. This authority is inapposite. The opinion is silent about any duty of a pharmacist to prevent a patient from, or warn a patient about, combining prescription drugs. Accordingly, the Court finds that Plaintiffs have failed to state any claim against Allcare and that the failure is obvious.

For these reasons, the Court finds that the allegation of fraudulent joinder has merit and that the nondiverse defendant, Allcare, should be disregarded. Thus, the Court finds complete diversity of citizenship between the parties and the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

**Procedural Irregularities**

Plaintiffs also seek remand based on an alleged failure of all named defendants to join in or consent to the removal and an alleged failure of Mylan to remove the action within 30 days of receiving a copy of the petition. Neither of these assertions has merit. Under current removal statutes, which were in effect at the time of Mylan's Notice of Removal, "all defendants who have been properly *joined and served* must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(a) (emphasis added). The consent of improperly joined or unserved defendants was not required. Further, although the statute requires removal "within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief," *id.* § 1446(b), this requirement applies only when a defendant has been served with a summons. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Plaintiffs acknowledge that Mylan was not served with process prior to removal "but obtained a copy of the petition on its own." *See* Pls.' Mot. Remand [Doc. No. 13], ¶ 3. Accordingly, the 30-day time limit for removal was not triggered.

**Conclusion**

For these reasons, the Court concludes that the case was properly removed to federal court, and should not be remanded.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 13] is DENIED.

IT IS SO ORDERED this 27th day of December, 2012.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE